**Order filed February 9, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00290-CR

_____

### JOHNNY BRYAN HERNANDEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-20-0425-CR**

### O R D E R

The jury convicted Appellant, Johnny Bryan Hernandez, of the offenses of murder and aggravated assault with a deadly weapon. The jury assessed punishment at imprisonment for fifty years and twenty years, respectively. The trial court sentenced Appellant accordingly and ordered the sentences to run concurrently. We abate the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has filed a pro se response to counsel's *Anders* brief. Appellant makes various assertions in his response. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that the appeal is frivolous. We are of the opinion that there are arguable grounds for an appeal. In this regard, an appeal arising from a contested trial on guilt/innocence is not readily amenable to disposition under *Anders*.

2

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the cause to the trial court for the appointment of new appellate counsel. *See Bledsoe*, 178 S.W.3d at 826–27. We direct the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before February 24, 2023. Appellant's brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

February 9, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3